IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Juan Jose Amaya, | ) | C/A No.:  5:25-8241-SAL-KDW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Mr. Graham, Warden FCI Williamsburg; | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Juan Jose Amaya ("Petitioner"), proceeding pro se, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Correctional Institution Williamsburg, a facility of the federal Bureau of Prisons ("BOP"). This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's Motion to Dismiss, or in the alternative, Motion for Summary Judgment. ECF No. 19.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's Motion. ECF No. 20. Petitioner filed a Response in Opposition to Respondent's Motion on October 20, 2025. ECF No.  22.

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends the court grant Respondent's Motion to Dismiss.

I.     Factual and Procedural Background

Petitioner states he arrived at FCI Thompson on January 17, 2025. ECF No 1-1 at 2. Petitioner says there was a large altercation among the inmates the next day, and he claims he was drawn into the altercation in defense of his safety. *Id*. Petitioner says he was placed in the Special Housing Unit, and while there, his counselor told Petitioner he was being considered for

Residential Reentry Center ("RRC") placement. *Id*. Petitioner claims his counselor also told him his paperwork was being routed for approval, and emphasized the paperwork signoff was critical regardless of any potential incident report. *Id*. Petitioner states he received a disciplinary report for fighting on March 2, 2025, and the report acknowledged BOP does not recognize self-defense. *Id*. Petitioner alleges he had a disciplinary hearing on April 11, 2025. *Id*. Petitioner states he was informed by his counselor on April 12 that all necessary approvals for RRC placement had been obtained and he was awaiting an official date. *Id*. Petitioner states on May 14, 2025, he received notification of a RRC placement date of July 8, 2025. *Id*. at 3. Petitioner states he transferred to FCI Williamsburg on June 25, 2025, and he informed staff and case manager Mitchelle of his upcoming RRC date, and Mitchelle noted he did not see anything, but he would look into it. *Id*. Petitioner  claims he was called in to the case manager's office on July 2, 2025, and Ms. Livingston went over the rules and Petitioner's travel plans. *Id*.  Petitioner states on July 8, 2025, he was told his release date was changed to July 17, 2025. *Id*. Petitioner claims he was told later that day by a unit manager that his date changed due to a change in location. *Id*. Petitioner alleges he also asked Mitchelle why his date changed, and Mitchelle told Petitioner he redid his points and now Petitioner did not have a RRC date informing Petitioner that the year he earned from First Step credits is gone. *Id*. at 3–4. Petitioner states he has faced discrimination citing to off the record comments that Mitchelle is racist against Hispanics and that he profiles inmates. *Id*. at 4. Petitioner seeks immediate reinstatement of his RRC placement or immediate release to home confinement. *Id*. at 6.

II.     Discussion

    A.   Standard for Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is "to test the sufficiency of [the]

complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Petitioner does not need to plead detailed factual allegations in his Complaint to survive a motion to dismiss, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), however, the United States Supreme Court has held that a plaintiff's grounds for relief require more than just stating legal conclusions and elements of a cause of action. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). Petitioner's complaint must contain sufficient factual allegations that make a claim for relief plausible, not just possible; the pleading standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp.*, 550 U.S. at 570.

In evaluating a motion to dismiss, the court must accept Petitioner's factual allegations as true and draw all reasonable inferences in his favor. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 440 (4th Cir. 2011). The court should not, however, accept unsupported legal allegations, *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), "legal conclusion[s] couched as . . . factual allegation[s]," *Papasan v. Allain*, 478 U.S. at 286, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007). Additionally, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Cobin v. Hearst-Argyle Television, Inc.*, 561 F. Supp. 2d 546, 552 (D.S.C. 2008).

3

### B.     Analysis

A federal petitioner is required to fully exhaust his administrative remedies within the BOP before submitting a § 2241 petition. Although § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in 28 U.S.C. § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions."). This requirement of exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007).

The exhaustion of § 2241 habeas petitions filed by a federal prisoner is governed by 28 C.F.R. § 542.10 *et. seq*. The BOP has a three-tiered formal administrative grievance process, in addition to an informal resolution process. *See* 28 C.F.R. §§ 542.10 *et seq*. An inmate may complain about any aspect of his confinement by first seeking to informally resolve the complaint at the institution level. 28 C.F.R. § 542.13. If the matter is not resolved informally, the inmate may file a formal written complaint to the warden within 20 calendar days after the date upon which the basis for the request occurred. 28 C.F.R. § 542.14. The matter will be investigated, and a written response provided to the inmate. *Id.*  If dissatisfied with the response, the inmate may appeal to the Regional Director (BP-10) within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If dissatisfied with the regional response, the inmate may appeal to the General Counsel within 30 days of the Regional Director's response. *Id.* Appeal to the General Counsel on the form for Central Office Appeals (BP-11) is the final level

of agency review. 28 C.F.R. § 542.15(a)(b)(1). Once an administrative remedy is filed, response shall be made by the Warden within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days. 28 C.F.R. § 542.18. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. *Id.*

Respondent alleges Petitioner failed to exhaust his administrative remedies before filing his Petition and therefore his Petition must be dismissed. ECF No. 19 at 4–7. In support of his Motion to Dismiss, Respondent submits an affidavit from J. Carter, paralegal for the South Carolina Consolidated Legal Center at FCI Edgefield, South Carolina. ECF No. 19-1 at 1. Carter attests Petitioner did not file any administrative remedies about his First Step Act credits, PATTERN score, or any First Step Act related matters. *Id*. at 2. Carter further attests Petitioner's only administrative remedy concerned an appeal of a disciplinary action. *Id*.

Petitioner concedes he did not exhaust his administrative remedies, but argues his failure to exhaust should be excused due to futility. ECF No. 1 at 2; ECF No. 22 at 3–4. Petitioner argues that he was scheduled to be released to a halfway house weeks ago, and therefore to require him to complete a process that could take weeks or months is exactly the circumstances that would allow the court to waive exhaustion. *Id*. at 4. Petitioner, however, did not even begin the administrative remedy process. *Id.* Accordingly, his belief that the BOP would not have timely ruled on his administrative remedies is unsupported and therefore insufficient to excuse his failure to exhaust. *See Thetford Prop. IV Ltd. P'ship v. U.S. Dep't of Hous. & Urban Dev*., 907 F.2d 445, 450 (4th Cir. 1990) (explaining that allowing a petitioner to avoid the administrative process based on a mere conclusory assertion "would allow the futility exception to swallow the exhaustion rule"); *Mayberry v. Pettiford*, 74 F. App'x 299 (5th Cir. 2003)

5

(finding "complaints regarding the length of the administrative appeals process . . . particularly unpersuasive" and affirming dismissal of § 2241 petition for failure to exhaust). Additionally, in light of Petitioner's disciplinary charge for fighting, Petitioner's entitlement to the application of FSA credits or RRC placement was not so certain that exhaustion of administrative remedies would be futile. *See Jones v. Young*, No. 5:21-CV-00552, 2022 WL 2446271, at \*5 (S.D. W. Va. May 5, 2022), report and recommendation adopted, No. 5:21-CV-00552, 2022 WL 2442113 (S.D. W. Va. July 5, 2022); *Sanchez-Partida v. Dunbar,* No. 623CV01219BHHKFM, 2023 WL 3587971, at \*3 (D.S.C. May 1, 2023) (finding exhaustion was not futile despite Petitioner's argument he is entitled to immediate release through application of time credits), report and recommendation adopted, No. CV 6:23-1219-BHH, 2023 WL 3586500 (D.S.C. May 22, 2023)). Accordingly,  Petitioner is barred from obtaining federal habeas relief at this time.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court grant Respondent's Motion to Dismiss, ECF No. 19, deny the Petition for Writ of Habeas Corpus, and dismiss the Petition without prejudice.

IT IS SO RECOMMENDED.

March 18, 2026                                    Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).