IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

Juan Jose Amaya,

Petitioner,

v.

Mr. Graham, Warden FCI Williamsburg;

Respondent.

C/A No. 5:25-cv-8241-SAL-KDW

**ORDER**

Juan Jose Amaya ("Petitioner"), a prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss, or in the alternative, a motion for summary judgment, ECF No. 19. This matter is now before the court on the Report and Recommendation ("Report") by United States Magistrate Judge Kaymani D. West, who reviewed this case pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 24.] The magistrate judge recommends granting Respondent's motion and dismissing the petition without prejudice. *Id.* at 6. As set forth in the Report, Petitioner failed to properly exhaust his administrative remedies, and he failed to demonstrate that exhaustion was futile. *Id.* at 4–6. Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections and warning of the serious consequences of failing to do so. *Id.* at 7. Petitioner has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report to which specific objections are made, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, **adopts** the Report, ECF No. 24, and incorporates it by reference. As a result, Respondent's motion to dismiss, ECF No. 19, is **granted**, and this § 2241 petition is **dismissed without prejudice**.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

**IT IS SO ORDERED.**

April 16, 2026                                  Sherri A. Lydon
Columbia, South Carolina                        United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make the required showing.